## Kessler's Appeal

J. K. Jones, for appellant; G. Coe Farrier, for respondents.

LAMBERTON, J., June 23, 1934.—Harry Kessler wishes to conduct a chicken slaughterhouse in premises 4126 Lancaster Avenue, in the City of Philadelphia. On or about August 18, 1933, he filed with the Bureau of Engineering, Surveys, and Zoning, of the City of Philadelphia, his application for a use registration permit in accordance with the zoning ordinance which became effective August 10, 1933, said ordinance having been passed by the city counsel and signed by the mayor pursuant to authority granted by the Act of May 6, 1929, P. L. 1551. On September 7, 1933, the Bureau of Engineering, Surveys, and Zoning refused the permit, on the ground that the property is in an "A" commercial district, and under the ordinance in question a chicken slaughterhouse is not permitted in such district. Petitioner then appealed to the Board of Adjustment, in accordance with the provisions of said Act of 1929, and, after a hearing, the application was refused and the action of the Bureau of Engineering, Surveys, and Zoning was affirmed.

Subsequently, petitioner presented to this court a petition in accordance with section 8 of the Act of 1929, setting forth that the decision of the Board of Adjustment was illegal, and this court thereupon directed that a writ of certiorari be issued. The matter came up for hearing before the court. Evidence was received, lengthy and able briefs were filed, and there was an extended oral argument.

It is undisputed that the property in question is in an "A" commercial district. It is undisputed that under the zoning ordinance of August 10, 1933, a chicken slaughterhouse is not a permissible use for a property in such district. Petitioner presented evidence, however, to the effect that on June 16, 1933, he filed an application with the Bureau of Health asking that a license be issued to him for the use of said property for a chicken slaughterhouse in accordance with the Act of April 26, 1907, P. L. 123; that his property was one in every way suited to such use at said time, but that certain persons in the Bureau of Health were opposed to the use of this property for said purpose, and deliberately and without just cause delayed the issuance of such permit until after the passage of the ordinance of August 10, 1933, and then declared that such license could not be issued without a use registration permit; that it was because of this situation, unfairly forced upon him, that petitioner applied for a use registration permit.

Counsel for petitioner argues that under section 8 of the Act of 1929, a discretion is vested in the Board of Adjustment "to hear and decide special exceptions to the terms of the ordinance" and "to authorize, upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

We agree that the Board of Adjustment has discretion under certain conditions, but we do not believe that this is the class of case contemplated by the act for the exercise of such discretion. The proceeding here was a new one when the application was filed with the Bureau of Engineering, Surveys, and Zoning. It is the duty of the Board of Adjustment on appeal to review the action of the Bureau of Engineering, Surveys, and Zoning. As developed by counsel for petitioner, this is in reality an appeal from the action of the Bureau of Health. The Board of Adjustment has no duty, right, or power to consider appeals from any action of the Bureau of Health. It is the duty of the Board of Adjustment to administer the ordinance of 1933 in accordance with the Act of 1929, and it is not its duty to censor the acts of other municipal departments.

If petitioner has been wronged, he has a remedy. The Act of May 6, 1929, P. L. 1551, and the zoning ordinance passed pursuant thereto do not repeal the Act of April 26, 1907, P. L. 123. They merely add another step to the procedure. Formerly, a person wishing to conduct a chicken slaughterhouse had merely to secure a license from the Bureau of Health under the Act of 1907. Now such person must first obtain a use registration permit under the zoning ordinance, but this permit does not entitle him to conduct a chicken slaughterhouse. It merely entitles him to go to the Bureau of Health and ask for a license under the Act of 1907. The contention of petitioner in this case is that the Bureau of Health violated its duty in not issuing the license prior to the enactment of the zoning ordinance. Considerable evidence was introduced which would lead one to believe that this may be the case, but we are deliberately refraining from any decision on that point, because the Bureau of Health is not a party to this proceeding. If the rights of petitioner have been injured by action of the Bureau of Health, or by its wrongful failure to act, the obvious remedy is by mandamus, asking that the Bureau of Health be ordered to issue the license. If petitioner is entitled to a license at all, he was entitled to it before the zoning ordinance went into effect. The zoning ordinance would have no application to such a case, and no use registration permit would be needed.

And now, to wit, June 23, 1934, the decision of the Board of Adjustment is affirmed and petitioner's application for a use registration permit is refused.